IH-32                                                                                                                                              Rev: 2014-1

# United States District Court
для
## Southern District of New York
### Related Case Statement

---

#### Full Caption of Later Filed Case:

| | |
|---|---|
| PLANNED PARENTHOOD FEDERATION OF AMERICA, INC.; PLANNED PARENTHOOD OF NORTHERN NEW ENGLAND, INC., | |
| **Plaintiff** | **Case Number** |
| vs. | |
| ALEX M. AZAR II, in his official capacity as Secretary, United States Department of Health and Human Services; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ROGER SEVERINO, in his official capacity as Director, Office for Civil Rights, United States Department of Health and Human Services; and OFFICE FOR CIVIL RIGHTS, United States Department of Health and Human Services, | |
| **Defendant** | |

#### Full Caption of Earlier Filed Case:
(including in bankruptcy appeals the relevant adversary proceeding)

| | |
|---|---|
| STATE OF NEW YORK, CITY OF NEW YORK, STATE OF COLORADO, STATE OF CONNECTICUT, STATE OF DELAWARE, DISTRICT OF COLUMBIA, STATE OF HAWAI'I, STATE OF ILLINOIS, STATE OF MARYLAND, COMMONWEALTH OF MASSACHUSETTS, STATE OF MICHIGAN, STATE OF MINNESOTA, STATE OF NEVADA, STATE OF NEW JERSEY, STATE OF NEW MEXICO, STATE OF OREGON, COMMONWEALTH OF PENNSYLVANIA, STATE OF RHODE ISLAND, STATE OF VERMONT, COMMONWEALTH OF VIRGINIA, STATE OF WISCONSIN, CITY OF CHICAGO, and COOK COUNTY, ILLINOIS, | |
| **Plaintiff** | **Case Number** |
| vs. | 1:19-cv-04676 |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; ALEX M. AZAR II, in his official capacity as Secretary of the United States Department of Health and Human Services; and UNITED STATES OF AMERICA, | |
| **Defendant** | |

IH-32                                                                                                                          Rev: 2014-1

**Status of Earlier Filed Case:**

☐ Closed     (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☑ Open       (If so, set forth procedural status and summarize any court rulings.)

State of NY v. HHS is pending before the district court. On May 21, 2019, Plaintiffs filed their complaint. On June 7, 2019, the District Court ordered that Plaintiffs' anticipated preliminary injunction motion shall be filed on or before June 14, 2019; with Defendants' opposition filed no later than 14 days thereafter, or June 28, 2019, whichever is earlier; and Plaintiffs' reply, if any, filed no later than 7 days after that, or July 5, 2019, whichever is earlier. The District Court also scheduled argument on the motion for a preliminary injunction on Friday, July 12, 2019, at 2 PM. To date, Plaintiffs have not yet filed their motion for a preliminary injunction.

**Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.**

The earlier-filed and later-filed cases concern the legality of the same rule promulgated by Defendant U.S. Department of Health and Human Services ("HHS"): Protecting Statutory Conscience Rights in Health Care; Delegations of Authority, 84 Fed. Reg. 23,170 (May 21, 2019) ("Refusal of Care Rule"). Because these cases concern the same rule, they will have substantial legal and factual overlap. In both cases, the plaintiffs challenge the procedural and substantive validity of the Refusal of Care Rule pursuant to the Administrative Procedure Act. The plaintiffs in both cases seek a declaration that the Refusal of Care Rule is in excess of HHS's statutory authority under the APA; declare that the Refusal of Care Rule is not in accordance with law within the meaning of the APA; declare that the Refusal of Care Rule is arbitrary, capricious, and an abuse of discretion under the APA, declare that the Refusal of Care Rule is unconstitutional; vacate and set aside the Refusal of Care Rule; preliminarily and permanently enjoin HHS, their agents, employees, appointees, or successors, from enforcing, threatening to enforce, or otherwise applying the provisions of the Refusal of Care Rule; and grant any other relief that the Court may deem proper. Both cases will involve many of the same facts--namely, the administrative record for the Refusal of Care Rule--and will involve expenditure of the Court's time and resources on these overlapping issues. Additionally, because plaintiffs in both cases are asking for similar relief, construction of the same terms and evaluation of the procedural legality of the process that implemented the Refusal of Care Rule, these cases could result in conflicting orders to HHS if they are not related. Plaintiffs here would agree to comply with the existing briefing schedule. Of note, Defendant HHS agreed to relate three litigations challenging the Refusal of Care Rule filed by three different sets of plaintiffs in the Northern District of California.

Signature: _____     Date: 6/11/2019

Firm: Covington & Burling, LLP
_____