**COVINGTON**

BEIJING   BRUSSELS   DUBAI   FRANKFURT   JOHANNESBURG
LONDON   LOS ANGELES   NEW YORK   PALO ALTO
SAN FRANCISCO   SEOUL   SHANGHAI   WASHINGTON

David M. Zionts

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5987
dzionts@cov.com

October 14, 2019

The Honorable Paul A. Engelmayer
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:  *State of New York v. U.S. Dep't of Health & Human Servs.*, 19 Civ. 4676 (PAE); *Planned Parenthood Federation of America, Inc. v. Azar*, 19 Civ. 5433 (PAE); *National Family Planning and Reproductive Health Association v. Azar*, 19 Civ. 5435 (PAE): **Oral Argument**

Dear Judge Engelmayer:

Plaintiffs in the above-referenced consolidated cases respectfully submit this Letter to notify the Court how they plan to organize their presentation of arguments at the upcoming hearing on October 18, 2019.  In view of the multiple cases, parties, and issues involved, and mindful of the Court's expectation that "[P]laintiffs will coordinate amongst themselves to avoid unnecessary duplication," *see* Order ECF No. 121, Plaintiffs plan to divide their arguments by issue.  During summary judgment briefing, the Provider Plaintiffs and the Government Plaintiffs divided the substantive issues in order to avoid duplicative briefing, while joining portions of each other's briefs. (*See id.*)  At oral argument, Plaintiffs intend to follow a similar division.  Specifically, Plaintiffs intend to divide their presentation among counsel as follows:

- David Zionts (*Counsel for PPFA and PPNNE*) – Arguments that the Rule exceeds statutory authority; applicability of *Chevron* deference.

- Diana Salgado (*Counsel for PPFA and PPNNE*[1]) – Arguments that the Rule is contrary to law; argument that the Rule violates the Establishment Clause; argument that the Rule is not a logical outgrowth of the Proposed Rule; issues relating to Provider Plaintiffs' preliminary injunction request.

---

[1] As was the case in the preliminary injunction and summary judgment briefing, all of the Provider Plaintiffs (PPFA, PPNNE, NFPRHA, and PHS) are presenting their arguments jointly. In the interests of efficiency, Ms. Salgado and Mr. Zionts will present argument on the claims briefed jointly by the Provider Plaintiffs, however counsel for NFPRHA and PHS will be present and available to address any questions, as necessary.

**COVINGTON**

The Honorable Paul A. Engelmayer
October 14, 2019
Page 2

- Matthew Colangelo (*Counsel for State of NY*) – Arguments that the Rule is arbitrary and capricious; issues relating to the Government Plaintiffs' preliminary injunction request.

- Amanda Meyer (*Counsel for State of NY*) – Arguments that the Rule violates the Spending Clause and Separation of Powers principles; scope of relief.

Plaintiffs will of course be prepared to address these or other issues raised by the pending motions in a different order if the Court prefers.

Plaintiffs also respectfully seek the Court's clarification regarding whether, particularly in light of the procedural posture of this case in which briefing of preliminary injunction and summary judgment motions have been consolidated, Individual Rules 3(K) and 5(C) require the parties to bring original signed declarations to the hearing to be marked as trial exhibits. Pursuant to Rule 3(K), the parties have submitted "any documentary exhibits, declarations, and / or affidavits in support of or in opposition to [the preliminary injunction] motion[s] at the time they submit[ted] their legal memoranda in support of or in opposition to such motion[s]." The signed declarations are accordingly already in the record and Plaintiffs do not intend to present any live testimony at the hearing. However, should the Court advise that it considers applicable the portion of Rule 5(C) concerning original signed affidavits being "brought to trial to be marked as exhibits," Plaintiffs will bring signed copies of all declarations to the hearing.

Respectfully submitted,

*/s/ David M. Zionts*

David M. Zionts
*Counsel for PPFA and PPNNE*